Filed 07/21/09                      Case 09-91977                      Doc 11



4

Brian S. Haddix (SBN: 230332)
Haddix Law Firm
1012 11th Street, Suite 201
Modesto, CA 95354-0826
Tel: (209) 338-1131
Fax: (209) 343-0839
bhaddix@modestobankruptcylaw.com

Attorney for Debtor Sonia Lopez

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re Sonia Lopez, ) Case No. 09-91977-D-7
) 
    Debtor ) DC No. BSH-1
)
) Date: N/A
) Time: N/A
) Courtroom.: N/A
) Judge: Hon. Robert S. Bardwil

**DEBTOR'S EX PARTE MOTION FOR ORDER SHORTENING TIME FOR HEARING ON DEBTOR'S MOTION TO CONVERT TO CHAPTER 13**

    Sonia Lopez, the debtor, hereby moves for an order shortening time for notice of a hearing on Debtor's motion to convert her Chapter 7 case to a Chapter 13.

### INTRODUCTION

    Debtor, who filed her second pro per Chapter 7 petition in pro per within the last six months, is faced with a pending termination of the automatic stay on July 29, 2009. Her home is set to be auctioned at a trustee's sale on July 30, 2009.

    On July 17, 2009, Debtor retained her second counsel. After consulting with new counsel, Debtor understands that the only way to prevent foreclosure on her real property is to convert to a Chapter 13 and commence a Chapter 13 plan. Debtor has also moved to extend the stay.

Based on the pending termination of the automatic stay, Debtor's motion to convert will not be heard prior to the termination of the automatic stay. As such, Debtor seeks an ex parte order shortening time for notice of a hearing on her motion to convert.

## PROCEDURAL HISTORY

March 20, 2009, pro se Debtor filed a Chapter 7 petition (number 09-90730). That case was dismissed on June 11, 2009 for Debtor's failure to follow the Court's order to pay the filing fee in installments.

On June 29, 2009, pro se Debtor again filed a Chapter 7 petition – the instant case. Debtor, now represented by counsel, moves to convert the instant case to Chapter 13.

## LEGL AUTHORITY

### A. The Court has the Power to Grant the Relief Requested

Title 11 United States Code section 105(a) provides, in pertinent part, that the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

### B. The Court may Issue an Order Shortening Time

To obtain an order, Eastern District Local Bankruptcy Rule 9014-1(a) requires all parties to "file, serve, and set for hearing all contested matters, including motions..."

Eastern District Local Bankruptcy Rule 9014-1(f)(1) requires the moving party to file and serve the motion at least twenty-eight (28) calendar days prior to the hearing.

But Eastern District Local Bankruptcy Rule 9014-1 (f)(3) provides, however, that in "appropriate circumstances and for good cause shown, the Court may order that the amount of notice of a hearing on a motion be shortened to fewer than fourteen (14) calendar days."

#### 1. Debtor's Situation Constitutes Appropriate Circumstances

Since this is Debtor's second petition in less than 12 months, the automatic stay prohibiting actions against debt or property securing such debt terminates with respect to the debtor on the 30th day after filing of the current case. (11 U.S.C. §362(c)(3).)

On or about July 10, secured creditor Capital Benefit Mortgage, Inc. posted on the front door of Debtor's real property located in Visalia California and known as 819, 819½, 820, and 820½ North Divisadero Street, a Notice of Trustee's Sale set for July 30, 2009. Based on the June 29, 2009 filing date of the Debtor's second petition, the date the automatic stay is set to terminate is July 29, 2009.

Based on the shortened duration of the automatic stay, a regularly noticed motion cannot be heard prior to termination of the stay and more importantly, prior to the July 30th trustee's sale. Without an order shortening time to hear the motion to convert, Debtor will very likely lose her real property at the July 30th trustee's sale because the automatic stay will terminate on July 29th.

### 2. Debtor Demonstrates Good Cause

Aside from consulting with the Law Office of Thomas Gillis for assistance on filling out her petition and schedules, Debtor has represented herself. On July 17, 2009, she retained Haddix Law Firm for the purpose of representing her in Bankruptcy.

Prior to retaining Haddix Law Firm, Debtor had not received any counseling about her options under Chapter 13. After being counseled by Haddix Law Firm, Debtor understands that the bank will not grant the Debtor a loan modification and that the only way to save her real property from foreclosure is to convert her case to a Chapter 13 and commence payments on a Chapter 13 plan.

Additional good cause exists in that Debtor is likely to prevail on her motion to convert. As set forth in her motion to convert, the Code provides that Debtor may convert at any time. Also, Debtor meets the eligibility criteria to file a Chapter 13. If her motion to convert is ultimately granted, Debtor testifies that she intends to file a Chapter 13 plan within the statutory time period after entry of the order.

### PENDING TERMINATION OF STAY ISSUE

Debtor has filed a companion ex parte motion for an order shortening time for hearing on Debtor's motion to extend the stay.

///

**CONCLUSION**

WHEREFORE, Sonia Lopez respectfully requests the Court issue an Order shortening time to hear her motion to convert from a Chapter 7 case to a Chapter 13 case not later than July 29, 2009.

                                    HADDIX LAW FIRM

Dated this 21st day of July, 2009         ___/s/_____
                                                          Brian S. Haddix
                                                            Attorney for Debtor Sonia Lopez