Filed 07/24/09     Case 09-91977     Doc 29



FILED
July 24, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0001979074

**6**

Brian S. Haddix (SBN: 230332)
Haddix Law Firm
1012 11th Street, Suite 201
Modesto, CA 95354-0826
Tel: (209) 338-1131
Fax: (209) 343-0839
bhaddix@modestobankruptcylaw.com

Attorney for Debtor Sonia Lopez

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Sonia Lopez,<br><br>        Debtor | Case No. 09-91977-D-7<br><br>DC No. BSH-6<br><br>Date: July 28, 2009<br>Time: 11:00 a.m.<br>Courtroom: N/A |

**DEBTOR'S MOTION TO EXTEND STAY; MEMORANDUM OF POINTS AND AUTHORITIES**

Sonia Lopez, the debtor in this case, hereby moves that this Court order, under 11 U.S.C. § 362(c)(3), that the full protections of the automatic stay be extended in this case until they would terminate under 11 U.S.C. § 362(c)(1) or (2), or until further order of the Court. In support of this motion, the debtor avers:

    1.    The debtor filed this chapter 7 bankruptcy case on June 29, 2009.

    2.    The debtor has filed one earlier bankruptcy case, Case No. 09-90730-D-7 in this Court, and that case was dismissed on June 11, 2009, within one year before the filing of this case.

    3.    The prior case was dismissed because Debtor failed to comply with the Court's order to pay the filing fee in installments.

    4.    The debtor has filed the current case in good faith.

5. The debtor's circumstances have substantially changed so that the reason for dismissal in the prior case is not likely to recur and this case can be completed. In particular, Debtor now has an attorney and is not filing pro se.

6. The debtor's case was not dismissed because the debtor failed to file or amend the appropriate documents in a timely manner without substantial excuse.

7. No motion for relief from the automatic stay was pending in the prior case when it was dismissed, and no such motion had resulted in termination, conditioning, or limiting the automatic stay.

WHEREFORE, the debtor respectfully requests that this Court enter an Order extending the automatic stay as to all creditors until it would terminate under section 362(c)(1) or (2), or until further order of the court.

HADDIX LAW FIRM

Dated this 24th day of July, 2009   ___/s/_____
Brian S. Haddix
Attorney for Debtor Sonia Lopez

# MEMORANDUM OF POINTS & AUTHORITIES

## I.

## INTRODUCTION

Debtor, who has filed one other petition within the last twelve months, is facing a difficult situation: the automatic stay is set to expire on July 29th and secured creditor Capital Benefit Mortgage, Inc. has set a trustee's sale of Debtor's real property in Visalia, California for July 30th.

On July 17, 2009, Debtor retained her counsel. After consulting with new counsel, Debtor understands that the only way to prevent foreclosure on her real property is to convert to a Chapter 13 and commence a Chapter 13 plan.

Prior to filing this motion, Debtor met and conferred with Capital Benefit Mortgage, Inc. regarding stipulating to an extension of the stay; no agreement was reached.

## II.

## STATEMENT OF FACTS

On March 20, 2009, Debtor filed a voluntary Chapter 7 petition, Case No. 09-09730-D-7. That case was dismissed on June 11, 2009 for failure to pay the filing fee in installments.

On June 29, 2009, Debtor filed the instant case.

On or about July 10, 2009, secured creditor Capital Benefit Mortgage, Inc. posted a Notice of Trustee's sale on Debtor's real property located in Visalia, California; the sale date is set for July 30th.

On July 17, 2009, Debtor retained counsel.

On or about July 20, Debtor and secured creditor Capital Benefit Mortgage, Inc. met and conferred regarding stipulating to an extension of the stay; no agreement was reached.

# III.

# LEGAL ARGUMENT

### A. The Court has the Power to Grant the Relief Requested

Title 11 United States Code section 105(a) provides, in pertinent part, that the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of Title 11 United States Code.  A request for an order, except when an application is authorized by the rules, shall be by written motion, unless made during a hearing.  (Fed. Rules Bankr. Proc. Rule 9013.)

"Parties shall file, serve, and set for hearing all contested matters, including motions…" (CA ED Local Rule 9014-1(a).)  Unless additional notice is required by the Code, a party shall set a motion for hearing on 28 or 14 days notice; in appropriate circumstances and for good cause, the Court may order the amount of notice be shortened to fewer  than 14 days notice.  (CA ED Local Rule 9014-1(f)(1) to (3).)

Pursuant to 11 U.S.C. §362(c)(3)(B), the court may extend the stay as to any or all creditors (subject to any court imposed conditions) upon noticed motion filed by a party in interest who demonstrates that the filing of the current case is in good faith as to the creditors to be stayed.  The hearing with respect to the stay extension motion must be completed before expiration of the 30-day period under 11 U.S.C. §362(c)(3)(A).  (11 U.S.C. §362(c)(3)(B).)

For purposes of 362(c)(3)(B), absent clear and convincing evidence to the contrary, a case is presumptively filed *not* in good faith under the following circumstances (11 U.S.C. §362(c)(3)(C):

A presumption that the case was not filed in good faith applies as to *all* creditors where:

- The debtor had more than on prior case pending within the preceding on-year period; or

- The debtor had a bankruptcy case dismissed within the preceding on year period because the debtor failed to:

   ○ file or amend the petition or other required documents without substantial excuse;

   ○ provide adequate protection as ordered by the court; or

   ○ perform the terms of a confirmed plan.

- There has not been a substantial change in the debtor's personal or financial affairs since dismissal of the next most previous case or any other reason to conclude the current case will be concluded with:

   ○ a discharge (in a chapter 7 case); or

   ○ a confirmed plan that will be fully performed (in a Chapter 11 or Chapter 13 case).

(11 U.S.C. §362(c)(3)(C)(i).)

   The presumption of lack of good faith also applies as to any creditor who sought stay relief in the debtor's prior case where as of the date the prior case was dismissed, the creditor's stay relief action was still pending or was resolved by terminating, conditioning, or limiting the stay as to the creditor.  (11 U.S.C. §362(c)(3)(C)(ii).)

**B. Debtor's Filing of the Current Case was in Good Faith**

   Debtor attempted to comply with the Court's order in her prior case.  Debtor, however, became confused with procedure after appearing for an order to show cause regarding her failure to pay installment payments.  Debtor was surprised when she received notice that her case had been dismissed.  Debtor's second filing is an attempt to finish what she started.

   There is no evidence that Debtor's current case is presumptively filed not in good faith.  First, the Debtor has filed only one prior case in the past twelve months.  Second, Debtor's prior case was dismissed because she failed to make the installment payments for the filing fee – not for failing to amend the petition or other required documents.  Next, Debtor was never ordered to make any adequate assurances.  Lastly, debtor did not fail to perform under the terms of any confirmed plan because Debtor filed a Chapter 7.

Since dismissal of the prior case, Debtor's personal affairs have substantially changed in that she has retained counsel who has advised her of options under Chapter 13. Debtor's counsel believes that Debtor should be able to submit a confirmable plan within the statutory time period. Debtor's previous issues with her prior case have or will be resolved and Debtor's counsel anticipates the current case being completed.

Finally, there were no motions for relief from the automatic stay pending at the time Debtor's prior case was dismissed.

## IV.
## CONCLUSION

WHEREFORE, Sonia Lopez respectfully requests the Court issue an Order granting extending the full protections of the automatic stay in this case until they would terminate under 11 U.S.C. § 362(c)(1) or (2), or until further order of the Court..

HADDIX LAW FIRM

Dated this 24th day of July, 2009

/s/_____
Brian S. Haddix
Attorney for Debtor Sonia Lopez