FILED
November 02, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002195083


ROUTH CRABTREE OLSEN, P.S.
Edward T. Weber, Esq., SBN #194963
Jonathan J. Damen, Esq., SBN #251869
505 N. Tustin Ave, Suite 243
Santa Ana, California 92705
Telephone 714-277-4937
Facsimile 714-277-4899
Email jdamen@rcolegal.com

RCO No.: 8320.30013
Attorneys for Movant, Brilena, Inc. as to an undivided 31.2500% interest, Michael Bumbaca and Adele Bumbaca husband and wife as joint tenants as to an undivided 43.75 % interest, First Regional Bank, as Custodian FBO Robert Pastor IRA Acct. No. 051236, as to an undivided 25.000% interest, its assignees and/ or successors in interest

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## MODESTO DIVISION

| | |
|---|---|
| In re:<br><br>Sonia Lopez<br><br><br>                           Debtor. | Bk. No. 09-91977-D-7<br>**Chapter 13**<br>DC No.: RCO-1<br><br>*MOTION FOR RELIEF FROM AUTOMATIC STAY*<br><br>Hearing:<br>Date: November 30, 2009<br>Time: 2:00 p.m.<br>Place: U.S. Bankruptcy Court<br>1200 I Street<br>Modesto, CA 95354<br>Dept: A<br>Suite: 4 |

### I. Introduction

COMES NOW, Attorneys for Movant, Brilena, Inc. as to an undivided 31.2500% interest, Michael Bumbaca and Adele Bumbaca husband and wife as joint tenants as to an undivided

43.75 % interest, First Regional Bank, as Custodian FBO Robert Pastor IRA Acct. No. 051236, as to an undivided 25.000% interest , its assignees and/ or successors in interest, its assignees and/or successors in interest ("Movant") and moves this court for an order under 11 U.S.C. §362 terminating the automatic stay, allowing Movant to proceed with and complete any and all contractual and/or statutory remedies incident to its security interests held in real property commonly described as **819 North Divisadero Street, Visalia, CA 93291** ("Property") and legally described in the Deed of Trust. Movant further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workouts/loss mitigation agreement and to contact the Debtor via telephone or written correspondence to offer such an agreement, which shall be non-recourse unless included in a reaffirmation agreement. Movant further moves that, absent objection, the provisions of F.R.B.P. 4001(a)(3) be waived to avoid further deterioration of Movant's secured position.

## II.    Parties in Interest

On or about August 29, 2007, Sonia Lopez ('Debtor' herein), executed and delivered a note in favor of  in the original principal amount of $80,000.00.    The indebtedness under the Note is secured by a first Deed of Trust recorded against the Property ("Deed" hereinafter).

Sonia Lopez ("Debtor" herein) filed for protection under Chapter 7 of Title 11 of the United States Code on June 29, 2009 and was converted to a Chapter 13 on July 30, 2009.

Russell D. Greer is the duly appointed Chapter 13 Trustee in the case.

## III.    Post-Petition Default and Estimate of Obligation

As of the date of this motion, the Debtor has accumulated the following post-petition defaults:

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
2

| 3 Payments from July 1, 2009 to September 1, 2009 @ $840.79 each | $2,522.37 |
|---|---|
| Attorney Fees & Costs | $1,500.00 |
| Total Post Petition Due | **$4,022.37** |

The approximate amount owed under the terms of the note is as follows:

| Principal Balance | $79,981.30 |
|---|---|
| Total Pre-Petition Arrearages (as shown on Movant's Proof of Claim) | $8,636.54 |
| Total Post-Petition Due | $4,022.37 |
| Approximate Total Due | **$92,640.21** |

These figures are an estimate only and are subject to change as additional fees are incurred and payments are made or become due, including but not limited to the attorney fees and costs incurred as a result of the filing of this motion. Please contact Movant's counsel directly for a reinstatement quote.

### IV.  Authority

Under 11 U.S.C. §362(d)(1), on request of a party of interest, the Court shall terminate, annul, modify or condition the stay for "cause". Significant default under the terms of a Chapter 13 Plan is "cause" sufficient to terminate the automatic stay. See In re Ellis, 60 B.R. 432 (9th Cir. BAP 1985). In this case, Debtor has failed to make 3 post-petition monthly payments to Movant as prescribed and is thus in default under the terms of the Chapter 13 Plan. Therefore, "cause" exists to terminate the automatic stay.

WHEREFORE, Movant prays that this Court issue an Order granting the following:

1. Terminating or modifying the stay, as to the Debtor and Debtor's bankruptcy estate,

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. Alternatively, in the event this court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued pursuant to 11 U.S.C. § 361, including a requirement that Debtor reinstate all past arrearages and immediately commence regular monthly payments.

3. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

4. That the ten (10) day stay under Bankruptcy Rule 4001(a)(3) be waived.

5. For reasonable attorneys' fees and cost.

6. For such other relief as the Court deems proper.

Date: November 2, 2009　　　　　　　　　**ROUTH CRABTREE OLSEN, P.S.**
By: /s/Jonathan J Damen
JONATHAN J DAMEN, ESQ.
Attorneys for Movant
RCO 8320.30013

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

4