

FILED
November 02, 2009

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002195082

**ROUTH CRABTREE OLSEN, P.S.**
Edward T. Weber, Esq., SBN #194963
Jonathan J. Damen, Esq., SBN #251869
505 N. Tustin Ave, Suite 243
Santa Ana, California 92705
Telephone 714-277-4937
Facsimile 714-277-4899
Email jdamen@rcolegal.com

RCO No.: 8320.30013

Attorneys for Movant, Brilena, Inc. as to an undivided 31.2500% interest, Michael Bumbaca and Adele Bumbaca husband and wife as joint tenants as to an undivided 43.75 % interest, First Regional Bank, as Custodian FBO Robert Pastor IRA Acct. No. 051236, as to an undivided 25.000% interest, its assignees and/ or successors in interest

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## MODESTO DIVISION

| | |
|---|---|
| In re:<br><br>Sonia Lopez<br><br><div align="right">Debtor.</div> | **Bk. No. 09-91977-D-7**<br>**Chapter 13**<br>**DC No.: RCO-1**<br><br>*DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY*<br><br>Hearing:<br>Date: November 30, 2009<br>Time: 2:00 p.m.<br>Place: U.S. Bankruptcy Court<br>1200 I Street<br>Modesto, CA 95354<br>Dept: A<br>Suite: 4 |

I, Whitney Wall, declare and state as follows:

I am an individual over the age of eighteen years. I am a Manager of Capital Benefit

Mortgage, Inc., the authorized agent for Secured Creditor and Movant herein, and the loan servicing agent for the beneficiaries of a Deed of Trust concerning the real property which is the subject of this motion. In my capacity as a Manager, I have custody and personal knowledge of all loan files and information concerning the loan between the Debtors and Secured Creditor and am personally familiar with them. The following facts are of my own personal knowledge and belief as if called to testify as a witness in Court, I could and would testify competently in such capacity.

I make this Declaration based upon the information contained in the loan records and documents which I have personally reviewed and which information I find such records and documents reflect. I state that the records and documents constitute writings taken or made in the regular and ordinary course of business of Secured Creditor at or near the time of the act, condition or event to which they relate. I further state, from my own knowledge, that any such records or documents are prepared in the ordinary course of business of Secured Creditor by a person employed by Secured Creditor who had personal knowledge of the event being recorded and who had a business duty to Secured Creditor to record such event.

The subject real property securing the Trust Deed which is the subject of this motion is generally described as **819 North Divisadero Street, Visalia, CA 93291** ("Property" herein) and legally described as follows:

> Parcel 1 of Parcel Map 1658, in the City of Visalia, in the County of Tulare, State of California, as per map recorded February 24, 1978 in Book 17, Page 59 of Parcel Maps, in the office of the County Recorder of said County.

Movant is authorized to accept payments on behalf of the beneficiaries to the Deed of Trust and is further authorized to bring this motion on their behalf.

A Note and Deed of Trust were executed by the Debtor on or about August 29, 2007. A

---

**DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**

true and correct copy of the Deed of Trust is attached hereto and incorporated herein as **Exhibit "A"**.

The current beneficiaries of the Deed of Trust are Brilena, Inc. as to an undivided 31.2500% interest, Michael Bumbaca and Adele Bumbaca husband and wife as joint tenants as to an undivided 43.75 % interest, First Regional Bank, as Custodian FBO Robert Pastor IRA Acct. No. 051236, as to an undivided 25.000% interest.

On or about June 29, 2009, Debtor commenced the current bankruptcy proceeding in this Court by filing a Petition under Chapter 7 and was converted to a Chapter 13 on July 30, 2009.

Post-petition payments are in arrears. To date, Secured Creditor has received no payments that have become due since the filing of the case. Debtor remains at least 3 payments in arrears post-petition. A complete analysis of the payments due and the payments received is contained in **Exhibit "B"** attached hereto and incorporated herein by reference.

With respect to Secured Creditor's Deed of Trust, the following is due and owing:

| | |
|---|---|
| 3 Payments from July 1, 2009 to September 1, 2009 @ $840.79 each | $2,522.37 |
| Attorney Fees & Costs | $1,500.00 |
| Total Post Petition Due | **$4,022.37** |

Movant filed a Proof of Claim in this case which show Pre-Petition arrears in the amount of $8,636.54 including 8 payments in default as well as other fees and costs. The unpaid principal balance of the loan as of the time of the filing of the Chapter 7 Petition herein was $79,981.30.

The loan is post-petition due for the July 1, 2009 payment and each month thereafter. Furthermore, a monthly payment becomes due on October 1, 2009, and same becomes due on the first (1st) day of every month thereafter, and a late charge becomes due on any payment not paid

within ten (10) days from the date the monthly payment is due.

A Post-Petition Mortgage Payment Analysis is attached hereto as **Exhibit "B"** which reflects a breakdown of the regular payments and late charges due post-petition as of the date of this Declaration.  The analysis reflects payments due, payments received and late charges due pursuant to the underlying Note and Deed of Trust and that which is reflected in the loan records.

In the event Secured Creditor obtains title to the Property at its foreclosure sale, Secured Creditor will incur substantial fees and costs in reselling the Property.  Based on past experience of the Secured Creditor, the additional cost is a minimum of eight to ten percent.  This cost is primarily commission fees on resale, title and closing costs.  Further, it is typical to incur further expense for putting the Property in marketable condition.

Secured Creditor has elected to initiate foreclosure proceedings on the subject property with respect to the subject Trust Deed.  However, Secured Creditor is precluded from proceeding to publish the necessary notices and commencing said foreclosure action during the pendency of this Bankruptcy.  A Notice of Default was recorded on September 4, 2008. A Notice of Trustee's was recorded and published and the sale was scheduled for May 5, 2009.


I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 2nd day of October, 2009, at Newport Beach, California.


By: /s/ Whitney Wall
Whitney Wall
RCO No. 8320.30013

ROUTH CRABTREE OLSEN, P.S.
Edward T. Weber, Esq., SBN #194963
Jonathan J. Damen, Esq., SBN #251869
505 N. Tustin Ave, Suite 243
Santa Ana, California 92705
Telephone 714-277-4937
Facsimile 714-277-4899
Email jdamen@rcolegal.com

RCO No.: 8320.30013

Attorneys for Movant, Brilena, Inc. as to an undivided 31.2500% interest, Michael Bumbaca and Adele Bumbaca husband and wife as joint tenants as to an undivided 43.75 % interest, First Regional Bank, as Custodian FBO Robert Pastor IRA Acct. No. 051236, as to an undivided 25.000% interest, its assignees and/ or successors in interest

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## MODESTO DIVISION

| | |
|---|---|
| In re:<br><br>Sonia Lopez<br><br><br>                    Debtor. | **Bk. No.  09-91977-D-7**<br>**Chapter 13**<br>**DC No.: RCO-1**<br><br>Hearing:<br>Date: November 30, 2009<br>Time: 2:00 p.m.<br>Place: U.S. Bankruptcy Court<br>1200 I Street<br>Modesto, CA  95354<br>Dept: A<br>Suite: 4 |

***EXHIBIT A***
**Note and Deed of Trust**
Page 1 to 12

---

**EXHIBIT A FOR MOTION FOR RELIEF FROM AUTOMATIC STAY**
1

# NOTE SECURED BY A DEED OF TRUST

Loan Number: ~~████~~            Date: **Wednesday, August 29, 2007**            Newport Beach, California

**819 North Divisadero Street**
**Visalia CA 93291**
Property Address

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. **$80,000.00** (this amount will be called "principal"), plus interest, to the order of **Brilena, Inc. as to an undivided 31.2500% interest, Michael Bumbaca and Adele Bumbaca husband and wife as joint tenants as to an undivided 43.7500% interest, First Regional Bank, as Custodian FBO Robert Pastor IRA Acct. No.051236, as to an undivided 25.000% interest,** (who will be called "Lender"). I understand that the Lender may transfer this Note. The Lender or anyone else who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder(s)."

## 2. INTEREST

I will pay interest at a yearly rate as described in paragraph 3 below.

Interest commences on **Wednesday, September 05, 2007**, or Actual Date of Funding and, if paragraph 3 reflects more than one interest rate during the loan term, the rate will change on the date which is one (1) calendar month before each Payment Start Date.

Interest will be charged on unpaid principal until the full amount of principal has been paid.

I also agree to pay interest at the rate described in paragraph 3 below on the prepaid finance charges which are a part of the principal.

## 3. PAYMENTS

My payments are   [ ] Interest Only   [X] Fully Amortized   [ ] Other

I will make my payments each month as follows:

| Number of Payments | Payment Starting Date | Interest Rates | Payment Amounts |
|---|---|---|---|
| 359 | Starting November 1, 2007 | 12.290% | $840.79 |
| 1 | Starting October 1, 2037 | 12.290% | $845.64 |

I will make these payments until I have paid all of the principal and interest and any other charges that I may owe under this Note. If on **Thursday, October 01, 2037** (the Due Date) I still owe amounts under this Note (balloon balance), I will pay all those amounts, in full, on that date.

I will make my payments payable to **Capital Benefit Mortgage, Inc., 2727 Newport Blvd. Suite 203, Newport Beach, CA 92663**, or at a different place if I am notified by the Note Holder or the Agent for the Note Holder.

## 4. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge For Overdue Payments.** If I do not pay the full amount of each monthly payment by the end of ten calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **10.00%** of my overdue payment or U.S. **$25.00**, which ever is more. I will pay this late charge only once on any late payment.

In the event a balloon payment is delinquent more than 10 days after the date it is due, I agree to pay a late charge in an amount equal to the maximum late charge that could have been assessed with respect to the largest single monthly installment previously due, other than the balloon payment, multiplied by the sum of one plus the number of months occurring since the late payment charge began to accrue.

**(B) Default.** If I do not pay the full amount of each monthly payment due under this Note by the date stated in paragraph 3 above, I will be in default, and the Note Holder may demand that I pay immediately all amounts that I owe under this Note.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(C) Payment of Note Holder's Costs and Expenses.** If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees. A default upon any interest of any Note Holder shall be a default upon all interests.

## 5. BORROWER'S PAYMENTS BEFORE THEY ARE DUE - PREPAYMENT PENALTIES

BORROWER'S INITIAL   ✓ [initials]



I have the right to make payments of principal at any time before they are due. A payment of principal only is known as "prepayment." If I pay all or part of the loan principal before it is due, whether such payment is made voluntarily or involuntarily, I agree to pay a prepayment penalty computed as follows: **For the first five (5) years this loan contains a prepayment penalty. The undersigned may prepay an amount not exceeding twenty percent (20%) of the original principal amount in any twelve month period commencing from the date of the Promissory Note of anniversary dates thereof without penalty. If the aggregate amount of principal prepaid in any twelve month period exceeds twenty percent (20%) of the original principal amount of this loan, then as consideration for the acceptance of such prepayment and in addition to any other sum payable hereunder, the undersigned agrees to pay the holder hereof a sum equal to six (6) months interest on the amount prepaid in excess of twenty percent (20%) of the original principal amount at the rate specified in the Promissory Note. Such additional sums shall be paid whether prepayment is voluntary or involuntary including any prepayment affected by the exercise of any acceleration provisions contained in the Promissory Note or in the Deed of Trust or any other security instrument securing the Promissory Note.. Borrower's Initials** ⟨signature⟩ _____

## 6. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (a) to demand payment of amounts due (known as "presentment"); (b) to give notice that amounts due have not been paid (known as "notice of dishonor"); (c) to obtain an official certification of nonpayment (known as "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else, also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 7. RESPONSIBILITIES OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to keep all of the promises made in this Note , including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of the guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that anyone of us may be required to pay all of the amounts owed under this Note.

## 8. THIS NOTE IS SECURED BY A DEED OF TRUST

In addition to the protection given to the Note Holder under this Note, a Deed of Trust (the "Security Instrument") with a Due-on-Transfer Clause dated the same date of this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in the Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

Some of those conditions are described as follows:

"Lender's Right to Require The Loan to be Paid Off Immediately. If the borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver of the Lender's right to accelerate shall be effective unless it is in writing."

⟨signature: Sonia C. Lopez⟩        8-30-07 ✓        _____
Borrower    SONIA C. LOPEZ    Date        Borrower                                    Date

---

## ASSIGNMENT OF NOTE
## SECURED BY A DEED OF TRUST

Date: _____

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to:


all beneficial interest under the within Note, without recourse, and Deed of Trust securing same

_____          _____

_____          _____

**DO NOT DESTROY THIS NOTE:** When paid it must be surrendered to the Trustee, together with the Deed of Trust securing same for cancellation, before reconveyance will be made.

BORROWER'S INITIAL

Applied Business Software, Inc. (800) 833-3343

Note Secured by Deed of Trust          Page 3 of 3

Filed 11/02/09          Case 09-91977                          Doc 104

**RECORDING REQUESTED BY**

*SpL InS*

AND WHEN RECORDED MAIL TO

NAME          CAPITAL BENEFIT MORTGAGE, INC.

ADDRESS       2727 NEWPORT BLVD., SUITE 203

CITY/STATE/ZIP   NEWPORT BEACH, CA 92663

**CORRECTORY**

**2008-0055986**

| | |
|---|---|
| Recorded | REC FEE          44.00 |
| Official Records | |
| County of | |
| Tulare | |
| GREGORY B. HARDCASTLE | |
| Clerk Recorder | |
| | DJF |
| 08:00AM 13-Aug-2008 | Page 1 of 9 |

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

## TITLE(S)

## DEED OF TRUST

TITLE ORDER NO. _____     ESCROW NO. _____     APN _____

THIS DOCUMENT IS BEING RE-RECORDED TO CORRECT THE LEGAL
DESCRIPTION – SEE EXHIBIT "A"

Southland Title Corporation

Recording Requested By

When Recorded Mail To
Capital Benefit Mortgage, Inc.
2727 Newport Blvd., Suite 203
Newport Beach, CA 92663



2007-0080434

Recorded                | REC FEE          33.00
Official Records
County of
Tulare
GREGORY B. HARDCASTLE
Clerk Recorder          |
                        | LS
11:12AM 07-Sep-2007 | Page 1 of 6

Title Order No. 77530989

093-022-020-000

Space above this line for recorder's use

# DEED OF TRUST

RECORDER: INDEX FOR SPECIAL NOTICE

Loan No. ▮▮▮▮

This Deed of Trust, made this 29th day of August, 2007, among the Trustor, SONIA C. LOPEZ, an unmarried woman, as her sole and separate property (herein "Borrower"), R.E.F.S. Inc. a California Corporation (herein "Trustee"), and the Beneficiary, Brilena, Inc. as to an undivided 31.2500% interest, Michael Bumbaca and Adele Bumbaca husband and wife as joint tenants as to an undivided 43.7500% interest, First Regional Bank, as Custodian FBO Robert Pastor IRA Acct. No.051236, as to an undivided 25.000% interest,  (herein "Lender").

The beneficiaries (or assignees) of this deed of trust have agreed in writing to be governed by the desires of the holders of more than 50% of the record beneficial interest therein with respect to actions to be taken on behalf of all holders in the event of default or foreclosure or for matters that require direction or approval of the holders, including designation of the broker, servicing agent, or other person acting on their behalf, and the sale, encumbrance or lease of real property owned by the holders resulting from foreclosure or receipt of a deed in lieu of foreclosure.

## GRANT IN TRUST

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants, transfers, conveys and assigns to Trustee, in trust, with power of sale, the following described property located in the county of  Tulare, State of California: Parcel ✗ of Parcel Map 1658, in the City of Visalia, in the County of Tulare, State of California, as per map recorded February 24, 1978 in Book 17, Page 59 of Parcel Maps, in the office of the County Recorder of said County.
SEE EXHIBIT "A"
APN:093-022-020-000, which has the address of 819 North Divisadero Street Visalia CA 93291 (herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, and water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property";

THIS DEED OF TRUST IS MADE TO SECURE TO LENDER:
(a) the repayment of the indebtedness evidenced by Borrower's note (herein "Note") dated August 29, 2007, in the principal sum of U.S. $80,000.00, with payment of interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; the performance of the covenants and agreements of Borrower herein contained; and (b) repayment of any future advances, with interest thereon, made to the Borrower by Lender pursuant to paragraph 19 hereof (herein "Future Advances"); and in addition (c) this Deed of Trust shall provide the same security on behalf of the Lender, to cover extensions, modifications or renewals, including without limitation, extensions, modifications or renewals of the Note at a different rate of interest; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property, that the Property is unencumbered except for encumbrances of record, and that Borrower will warrant and defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. BORROWER AND LENDER COVENANT AND AGREE AS FOLLOWS:

Applied Business Software, Inc. (800) 833-3343

Deed of Trust (General 2924b)     Page 1 of 5

**1. Payments of Principal and/or Interest.** Borrower shall promptly pay, when due, the principal of and/or interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note, and the principal of and/or interest on any Future Advances secured by the Deed of Trust.

**2. Funds for Taxes and Insurance (Impounds).** Subject to applicable law, and if required by the Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such an agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under Paragraph 18 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, if applicable, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any Future Advances.

**4. Prior Mortgages and Deeds of Trust; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid, at least 10 days before delinquency, all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower agrees to provide, maintain and deliver to Lender fire insurance satisfactory and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon any indebtedness secured hereby and in such order as Lender may determine, or at option of Lender the entire amount so collected or any part thereof may be released to the Borrower. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of a loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply their insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

If Borrower obtains earthquake, flood or any other hazard insurance, or any other insurance on the Property, and such insurance is not specifically required by the Lender, then such insurance shall: (i) name the Lender as loss payee thereunder, and (ii) be subject to all of the provisions of this paragraph 5.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration of covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, including but not limited to proceedings by the Lender to obtain relief from stay in any bankruptcy proceeding which would prohibit Lender enforcing its rights under the Deed of Trust, then Lender, at Lender's option, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, including but not limited to payment of delinquent taxes and assessments, insurance premiums due, and delinquent amounts owed to prior lien holders, shall become additional indebtedness of Borrower secured by this Deed of Trust . Such amounts as are disbursed by Lender shall be payable, upon notice from Lender to Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable on the Note. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in conjunction with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released.** At any time or from time to time, without liability therefore and without notice upon written request of Lender and presentation of this Deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security hereof or the rights or powers of Lender or Trustee.

**11. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

**12. Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other or remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

**13. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 18 hereof. All covenants and agreements of Borrower shall be joint and several.

**14. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower or the Property at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender, in care of Lender's Servicing Agent ("Agent"), **Capital Benefit Mortgage, Inc., 2727 Newport Blvd. Suite 203, Newport Beach, CA 92663** or to such other address as Lender or Agent may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**15. This Deed of Trust shall be governed by the Laws of the State of California.** In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not effect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust are declared to be severable.

**16. Lender's Right to Require The Loan to be Paid Off Immediately.** If the Borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver or the Lender's right to accelerate shall be effective unless it is in writing.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

BORROWER AND LENDER FURTHER COVENANT AND AGREE AS FOLLOWS:

**17. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, and without regard to the adequacy of any security for the indebtedness hereby secured, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by Agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**18.** Upon default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Lender may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Lender also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property to sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest at the rate prescribed in the Note; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

**19. Future Advances.** Upon request of Borrower, Lender, at Lender's option prior to full reconveyance of the Property by Trustee to Borrower, may make Future Advances to Borrower. Such advances with interest thereon, shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby.

**20. Reconveyance.** Upon written request of Lender stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." The Trustee may destroy said Note, this Deed or Trust (and any other documents related thereto) upon the first to occur of the following: 5 years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

**21. Substitution of Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Request for Notices.** Borrower requests that copies of the notice of sale and notice of default be sent to Borrower's address which is the Property Address.

**23. Statement of Obligation.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligations as provided by Section 2943 of the Civil Code of California.

MISCELLANEOUS PROVISIONS

**24. Construction or Home Improvement Loan.** If the loan secured by this Deed of Trust is a construction or home improvement loan, Borrower is required to perform according to the terms and conditions of each agreement contained in any building, home improvement or similar agreement between the Borrower and Lender.

**25. Acceptance by Lender of a Partial Payment After Notice of Default.** By accepting partial payment (payments which do not satisfy a default or delinquency in full) of any sums secured by this Deed of Trust after a Notice of Default has been recorded, or by

accepting late performance of any obligation secured by this Deed of Trust, or by adding any payment so made to the loan secured by this Deed of Trust, whether or not such payments are made pursuant to a court order, the Lender does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure to make any such prompt payment or to perform any such act. No exercise of any right or remedy of the Lender or Trustee under this Deed of Trust shall constitute a waiver of any other right or remedy contained in this Deed of Trust or provided by law.

## REQUEST FOR SPECIAL NOTICE OF DEFAULT AND FORECLOSURE UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender care of Lender's Servicing Agent, at it's address set forth on page one of this Deed of Trust, of any default under the superior encumbrances and of any sale or other foreclosure action.

### IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST

_Sonia C Lopez_                8-30-07                _____
Borrower    SONIA C. LOPEZ              Date       Borrower                          Date

State of California
County of TULARE
On AUGUST 30, 2007              before me, FRANCISCA BONILLA (NOTARY PUBLIC)              , personally appeared

SONIA C. LOPEZ
~~personally known to me~~ (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) subscribed to the within instrument and acknowledged to me that SHE executed the same in HER authorized capacity(ies), and that by HER signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_Francisca Bonilla_

_____
Signature

FRANCISCA BONILLA
Commission # 1712241
Notary Public - California
Tulare County
My Comm. Expires Dec 22, 2010

(Seal)

## REQUEST FOR FULL RECONVEYANCE

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all **other indebtedness secured by this Deed of Trust, have been paid in full.** You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

_____          _____
Signature of Beneficiary (the "LENDER")      Date      Signature of Beneficiary (the "LENDER")      Date

When recorded, mail to

Att: _____

Applied Business Software, Inc.  (800) 833-3343                    Deed of Trust (General 2924b)      Page 5 of 5

## HAZARDOUS SUBSTANCE RIDER TO DEED OF TRUST

That certain Deed Of Trust dated **August 29, 2007** between SONIA C. LOPEZ, an unmarried woman, as her sole and **separate property,** therein and herein called "Trustor", **R.E.F.S. Inc. a California Corporation,** a California corporation, therein called "Trustee" and **Brilena, Inc. as to an undivided 31.2500% interest, Michael Bumbaca and Adele Bumbaca husband and wife as joint tenants as to an undivided 43.7500% interest, First Regional Bank, as Custodian FBO Robert Pastor IRA Acct. No.051236, as to an undivided 25.000% interest,** therein and herein called "Beneficiary" is supplemented in the following particulars only:

1. Trustor represents to Beneficiary that, to the best of Trustor's knowledge after due and diligent inquiry, no hazardous or toxic waste substances are being stored on the property or any adjacent property nor have such substances been stored or used on the property or any adjacent property prior to Trustor's ownership, possession or control of the property. Trustor agrees to provide written notice to Beneficiary immediately upon Trustor's becoming aware that the property or any adjacent property is being or has been contaminated with hazardous or toxic waste or substances. Trustor will not cause or permit any activities on the property that directly or indirectly could result in the property or any other property's being contaminated with hazardous or toxic waste or substances. For the purpose of this Deed of Trust, "hazardous" or "toxic waste" or "substances" means any substance or material defined or designated as hazardous or toxic wastes, hazardous or toxic material, a hazardous, toxic, or radioactive substance, or other similar term by any applicable federal, state, or local statute, regulation, or ordinance now or hereafter in effect.

2. Trustor shall promptly comply with all statutes, regulations, and ordinances, and with all orders, decrees, or judgments of governmental authorities or courts having jurisdiction, relating to the use, collection, storage, treatment, control, removal, or cleanup of hazardous toxic waste or substances in, on, or under the property or in, on, or under any adjacent property that becomes contaminated with hazardous or toxic waste or substances as a result of construction, operations, or other activities on, or the contamination of, the property, or incorporated in any improvements thereon, at Trustor's expense. Beneficiary may, but is not obliged to, enter upon the property and take such actions and incur such costs and expenses to effect such compliance as it deems advisable to protect its interest as Beneficiary; and whether or not Trustor has actual knowledge of the existence of hazardous or toxic waste or substances in, on, or under the property or any adjacent property as of the date hereof, Trustor shall reimburse Beneficiary on demand for the full amount of all costs and expenses incurred by Beneficiary prior to Beneficiary's acquiring title to the property through foreclosure or deed in lieu of foreclosure, in connection with such compliance activities.

Borrower  SONIA C. LOPEZ                8-30-07   Date          Borrower                                      Date

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _TULARE_ }

On _JULY 23, 2008_ before me, _FRANCISCA BONILLA, NOTARY PUBLIC_
     Date                  Here Insert Name and Title of the Officer

personally appeared _SONIA C. LOPEZ_
                              Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

FRANCISCA BONILLA
Commission # 1712241
Notary Public - California
Tulare County
My Comm. Expires Dec 22, 2010

Place Notary Seal Above

Signature _____
                 Signature of Notary Public

―――――――――――――――― **OPTIONAL** ――――――――――――――――

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder: Call Toll-Free 1-800-876-6827

ORDER NO. ▉▉▉▉▉

EXHIBIT "A"

Parcel 1 of Parcel Map 1658, in the City of Visalia, in the County of Tulare, State of California, as per map recorded February 24, 1978 in Book 17, Page 59 of Parcel Maps, in the office of the County Recorder of said County.

1    ROUTH CRABTREE OLSEN, P.S.
2    Edward T. Weber, Esq., SBN #194963
     Jonathan J. Damen, Esq., SBN #251869
3    505 N. Tustin Ave, Suite 243
     Santa Ana, California 92705
4    Telephone 714-277-4937
     Facsimile 714-277-4899
5    Email jdamen@rcolegal.com

6
     RCO No.: 8320.30013
7    Attorneys for Movant, Brilena, Inc. as to an undivided 31.2500% interest, Michael Bumbaca and
     Adele Bumbaca husband and wife as joint tenants as to an undivided 43.75 % interest, First
8    Regional Bank, as Custodian FBO Robert Pastor IRA Acct. No. 051236, as to an undivided
9    25.000% interest, its assignees and/ or successors in interest

10             UNITED STATES BANKRUPTCY COURT

11             EASTERN DISTRICT OF CALIFORNIA

12                  MODESTO DIVISION

13

14
     In re:                        **Bk. No. 09-91977-D-7**
15                             **Chapter 13**
     Sonia Lopez                **DC No.: RCO-1**
16

17                               Hearing:
               Debtor.          Date: November 30, 2009
18                               Time: 2:00 p.m.
19                               Place: U.S. Bankruptcy Court
                                1200 I Street
20                               Modesto, CA 95354
21                               Dept: A
                              Suite: 4
22

23

24                           ***EXHIBIT B***
               **Post Petition Account Statement**
25                           Page 13

26

27

28
     **EXHIBIT B FOR MOTION FOR RELIEF FROM AUTOMATIC STAY**
                              1

## Post Petition Payment History
### Sonia Lopez
09-91977-D-7
xxx0047

| Date Due | Amount Due | Date Received | Amount Received | How Applied |
|----------|-----------|---------------|-----------------|-------------|
| 7/1/2009 | $840.79 | N/A | $0.00 | N/A |
| 8/1/2009 | $840.79 | N/A | $0.00 | N/A |
| 9/1/2009 | $840.79 | N/A | $0.00 | N/A |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ROUTH CRABTREE OLSEN, P.S.
Edward T. Weber, Esq., SBN #194963
Jonathan J. Damen, Esq., SBN #251869
505 N. Tustin Ave, Suite 243
Santa Ana, California 92705
Telephone 714-277-4937
Facsimile 714-277-4899
Email jdamen@rcolegal.com

RCO No.: 8320.30013
Attorneys for Movant, Brilena, Inc. as to an undivided 31.2500% interest, Michael Bumbaca and
Adele Bumbaca husband and wife as joint tenants as to an undivided 43.75 % interest, First
Regional Bank, as Custodian FBO Robert Pastor IRA Acct. No. 051236, as to an undivided
25.000% interest, its assignees and/ or successors in interest

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## MODESTO DIVISION

In re:

Sonia Lopez

                                    Debtor.

**Bk. No.  09-91977-D-7**
**Chapter 13**
**DC No.: RCO-1**

Hearing:
Date: November 30, 2009
Time: 2:00 p.m.
Place: U.S. Bankruptcy Court
1200 I Street
Modesto, CA  95354
Dept: A
Suite: 4

*EXHIBIT C*

**Schedules A and D**
Page 14 to 15

**EXHIBIT C FOR MOTION FOR RELIEF FROM AUTOMATIC STAY**
1

Official Form B6A (12/07)          UNITED STATES BANKRUPTCY COURT – EASTERN DISTRICT OF CALIFORNIA
MODESTO DIVISION

| Debtor(s):  Sonia Lopez | Case No.:   **2009-91977**<br>(If known) |
|---|---|

# AMENDED - SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **Rental property/<br>819, 819½, 821, 821½ N. Divisadero St., Visalia, CA** | **Fee Owner** | | $ 77,520.00 | $ 80,000.00 |
| | Total ➤ | | $ 77,520.00 | |
| | | | (Report also on Summary of Schedules.) | |

B6D (Official Form 6D) (12/07)

In re  Sonia Lopez, In Pro Per                              Case No. _____
                    Debtor                                            (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. ending 0256 <br><br> 800 Loan Mart <br> 15821 Ventura Blvd., Ste 185 <br> Encino, CA 91436 | | | Incurred: 2008 <br> Lien: PMSI in vehicle < 910 days <br> Security: 1997 Ford F150 <br><br> VALUE $          2,000 | | | | 6,000 | 4,000 |
| ACCOUNT NO. unknown <br><br> Capital Benefit Mortgage, Inc. <br> 2727 Newport, Ste. 203 <br> Newport Beach, CA 92663 | | | Incurred: 2008 <br> Lien: Deed of Trust <br> Security: Duplex <br><br> VALUE $        123,000 | | | | 80,000 | 0 |
| ACCOUNT NO. xxxx9001 <br><br> Wells Fargo Auto Finance <br> 711 W Broadway Rd <br> Tempe, AZ 85282 | | | Incurred: 2007 <br> Lien: PMSI in vehicle < 910 days <br> Security: 2007 Pontiac G6 <br><br> VALUE $         15,000 | | | | 16,403 | 1,403 |

     0     continuation sheets attached

Subtotal ▶                  $   102,403        $   5,403
(Total of this page)
Total ▶                     $   102,403        $   5,403
(Use only on last page)
                            (Report also on            (If applicable, report
                            Summary of Schedules)       also on Statistical
                                                        Summary of Certain
                                                        Liabilities and Related
                                                        Data.)

*Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.8-727 - 32611*