Edward T. Weber, Esq., #194963
LAW OFFICES OF EDWARD T. WEBER
17155 Newhope Street, Suite H
Fountain Valley, California 92708
Telephone: 657-235-8285
Facsimile: 714-459-7853
ed@eweberlegal.com

Attorneys for Movant
Brilena, Inc. as to an undivided 31.2500% interest, Michael Bumbaca and Adele Bumbaca husband and wife as joint tenants as to an undivided 43.7500% interest, First Regional Bank, as Custodian FBO Robert Pastor IRA Acct. No. 051236, as to an undivided 25.000% interest,

.

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

# MODESTO DIVISION

| | |
|---|---|
| In re: | Case No. 09-91977 |
| | Chapter 7 |
| SONIA LOPEZ, | DC No.: ETW-1 |
| | ***MOTION FOR RELIEF FROM THE AUTOMATIC STAY*** |
| Debtor. | |
| | Date: January 29, 2015 |
| | Time: 10:00 a.m. |
| | Place: 1200 I Street, Suite 4, Modesto, CA |
| | Judge: Hon. Ronald H. Sargis |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

## I. Introduction

Brilena, Inc. as to an undivided 31.2500% interest, Michael Bumbaca and Adele Bumbaca husband and wife as joint tenants as to an undivided 43.7500% interest, First Regional Bank, as Custodian FBO Robert Pastor IRA Acct. No. 051236, as to an undivided 25.000% interest, ("Movant") hereby moves this court for an Order under § 362(d)(1) and (d)(2) terminating the Automatic Stay, allowing Movant to proceed with and complete any and all contractual and/or statutory remedies incident to its security interest(s) held in the real property commonly described as 819 North Divisadero Street, Visalia, California 93291 ("Property"). Movant further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement, or other loan workout/loss mitigation agreement and to contact the Debtor via telephone or written correspondence to offer such an agreement, which shall be non-recourse unless included in a reaffirmation agreement. Movant further moves that, absent objection, the provisions of F.R.B.P. 4001(a)(3) be waived to avoid further deterioration of Movant's secured position.

## II. Parties in Interest

On or about August 29, 2007, Debtor executed a Note in the original principal amount of $80,000.00 ("Note"). The indebtedness under the Note is secured by a Deed of Trust recorded against the Property ("Deed of Trust"). A true and correct copy of the Note and Deed of Trust, including the legal description, is filed concurrently herewith as Exhibits "A." and "B", respectively. Movant is the current beneficiary under the Deed of Trust and current holder of the Note. Movant's loan servicing agent is Unified Mortgage Service, Inc.

On or about June 29, 2009, Debtor filed for protection under Chapter 7 of Title 11 of the United States Code and initiated the within case. The case was converted to a chapter 13 on July

30, 2009. The case was reconverted to a chapter 7 on December 9, 2014. Stephen C. Ferlmann is the duly appointed Chapter 7 Trustee in the case. To the extent that relief sought herein is granted, the Trustee should be bound by any such Order.

### III. Default and Estimate of Obligation

Debtor is in default pursuant to the terms of the Note for failure to make the required payments and there is no equity in the real property. As of December 10, 2014, the contractual status of the loan is as follows:

| | |
|---|---|
| Reinstatement: | $ 22,135.47 |
| Payoff: | $ 101,663.19 |

The total amount owed by the Debtor against the property is $101,663.19. The equity, before considering costs of sale, is about 17% which is insufficient to protect Movant's interest (*In re Mellor, 734 F.2d 1396 – which indicates 20% or more is sufficient protection for the lender.)* Further, if costs of sale are factored into the equity analysis, at about 8% or $9,840.00, then there is even less equity, or about 9%.

### IV.    Argument

Under 11 U.S.C. §362(d)(1) and (d)(2), on request of a party of interest, the Court shall terminate, annul, modify or condition the stay for "cause." Cause is failure to make all payments to a lender secured by real property. There is further cause under section (d)(2) when there is no equity in the real property. The real property in this case is only worth $123,000.00. Therefore, this is cause to terminate the stay.

///

///

///

WHEREFORE, Movant prays that this Court issue an Order granting the following:

1. Terminating or modifying the stay, as to the Debtor and Debtor's bankruptcy estate, allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property;

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code;

3. That the fourteen (14) day stay under F.R.B.P. 4001(a)(3) be waived;

4. For such other relief as the Court deems proper.

Date: December 17, 2014　　　　　　　Respectfully submitted by:

LAW OFFICES OF EDWARD T. WEBER
Edward T. Weber, Esq.
Attorneys for Movant

MOTION FOR RELIEF FROM AUTOMATIC STAY

4