# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title :** | Sonia Lopez | **Case No :** | 09–91977 – E – 7 |
| | | **Date :** | 01/29/2015 |
| | | **Time :** | 10:00 |

| | |
|---|---|
| **Matter :** | [238] – Motion for Relief from Automatic Stay [ETW–1] Filed by Creditor Brilena, Inc. (Fee Paid $176) (eFilingID: 5403223) (dpas) |

| | | | |
|---|---|---|---|
| **Judge :** | Ronald H. Sargis | **Courtroom Deputy :** | Cecilia Jimenez |
| **Department :** | E | **Reporter :** | Laura Fowler |

**APPEARANCES for :**
**Movant(s) :**
(by phone)    Creditor's Attorney – Alaa A. Yasin
**Respondent(s) :**
     Debtor(s) Attorney – Brian S. Haddix
     Debtor – Sonia Lopez

MOTION was :
Granted
See Findings of fact and conclusions of law below

The court will issue a minute order.

Local Rule 9014–1(f)(1) Motion – Hearing Required.

Correct Notice Provided. The Proof of Service states that the Motion and supporting pleadings were served on Debtor, Debtor's Attorney, Chapter 7 Trustee, parties requesting special notice, and Office of the United States Trustee on December 18, 2014. By the court's calculation, 42 days' notice was provided. 28 days' notice is required.

The Motion for Relief From the Automatic Stay has been set for hearing on the notice required by Local Bankruptcy Rule 9014–1(f)(1). The failure of the respondent and other parties in interest to file written opposition at least 14 days prior to the hearing as required by Local Bankruptcy Rule 9014–1(f)(1)(ii) is considered to be the equivalent of a statement of nonopposition. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The defaults of the non–responding parties are entered.

The Motion for Relief From the Automatic Stay is granted.

Brilena, Inc., as to an undivided 31.2500% interest, Michael Bumbaca and Adele Bumbaca husband and wife as joint tenants, as to an undivided 43.7500% interest, First Regional Bank, as Custodian FBO Robert Pastor IRA Acct. No. 051236, as to an undivided 25.000% interest, ("Movant") seeks relief from the automatic stay with respect to the real property commonly known as 819 North Divisadero Street, Visalia, California (the "Property").

Movant seeks relief to proceed with contractual and statutory remedies relating to its security interest in the Property. Further in the Motion Movant states that it is the holder of the Note secured by the security interest. FN.1.
------------------------------------------------
FN.1. The Motion also requests relief from the automatic stay to enter into forbearance agreements, refinance agreements, loan workouts, communicate with the Debtor, terms for a refinance, and a putative right to a reaffirmation if requested from the court. The court cannot tell what, if any, conduct could be in

violation of the automatic stay. There being no specific relief requested, the court does not grant creditors the right to do "whatever you want, so long as you say it falls within one of the general categories for relief you had the court place in an order."

―――――――――――――――――――――――――――――――

The Motion recounts that Debtor first commenced this case under Chapter 7 on June 29, 2009, and then converted the case to one under Chapter 13 on July 30, 2009. This case was then reconverted to one under Chapter 7 on December 9, 2014. The Motion does not state the reason for the reconversion to Chapter 7 as part of the grounds upon which the relief is based. FN.2.

―――――――――――――――――――――――――――――――

FN.2. The allegation of filing, conversion, reconversion does state relevant grounds in and of themselves. Because Chapter 13 cases for this Division are handled by another judge, this judge reviewed the file on this point. The Chapter 13 Trustee filed a motion for the case to be reconverted to one under Chapter 7 on August 20, 2014. Dckt. 215. The grounds stated on the "Check Box Motion" are (1) unreasonable delay, (2) payments not current, and (3) Debtor's plan exceeding the 60 month maximum term permitted under Chapter 13. These "grounds" merely state sever of the non–exclusive statutory terms for conversion of a Chapter 13 case. 11 U.S.C. § 1307(c). The actual grounds (Fed. R. Bankr. P. 9013) are stated in the declaration in support of the motion to re–convert. Dckt. 217. It is stated that Debtor was $12,300.00 in default on her plan payments, with the last payment having been received on May 13, 2014. The confirmed Second Modified Plan in this case required the Debtor to make monthly plan payments of $2,050.00. Dckt. 182.

―――――――――――――――――――――――――――――――

The Motion states with particularity (Fed. R. Bankr. P. 9013) the following additional grounds upon which relief is based:

A. The payoff for the secured claim is...........$101,663.19.

B. The reinstatement amount for the claim is.....$ 22,135.47.

C. The Property has a value of ..................$123,000.00.
(No reference is made to an evidentiary basis for the value.)

D. The Debtor and Estate have a 17% equity in the Property.
(Before costs of sale)

E. After taking into account 8% for costs of sale, Debtor and Estate have 9% equity in the Property.

F. There is no equity in the Property for the Debtor or Estates.

G. The 17% equity does not adequately protect the interests of Movant.

Dckt. 238.

Evidence in Support of Motion

Movant has provided the Declaration of an individual identified as "President" of Unified Mortgage Service, Inc. to introduce evidence to authenticate the documents upon which it bases the claim and the obligation secured by the Property. Dckt. 240. However, the Declaration does not provide the actual name of the declarant nor can the court discern who the declarant is based on the signature.

The requirements for what constitutes an adequate declaration are set out in 28 U.S.C. § 1746. The scope of a non–expert witness' testimony is addressed in Federal Rules of Evidence 601 and 602 (personal knowledge). Reviewing the declaration, this unidentified person states that he or she has personal knowledge or has obtained the information from the business records of Unified Mortgage Service, Inc., the loan servicer for Movant. If the court was presented with an actual person who was testifying, such a witness would otherwise appear to be someone who could meet the basic evidentiary requirements.

The Declaration of the unknown "President of Unified Mortgage Service, Inc." states that there are 13 post–petition defaults in the payments on the obligation secured by the Property, with a total of $22,135.47 in post–petition payments past due.

OPPOSITION

The Chapter 7 Trustee has not filed an opposition to the Motion. It appears that the Trustee has concluded

that there is no realizable equity in the Property for the Estate. The default of the Trustee with respect to this Motion has been entered.

Opposition of Debtor

Sonia Lopez ("Debtor") filed an opposition on January 20, 2015. Dckt. 253. The Debtor asserts that there is substantial equity in the Property sufficient to protect Movant's interest. Debtor states in her declaration that it is her opinion (as the owner of Property) that the Property has a current value of $140,000.00. Dckt. 254. She further testifies that the Property consists of four separate houses, three of which are rented for $550.00 each (which indicates that the $1,500.00 of gross rents are due the Estate each month for this Property, which is property of the Bankruptcy Estate 11 U.S.C. § 541).

Debtor asserts that there is a sufficient equity cushion in the Property to adequately protect Movant's interests. Further, Debtor asserts that the Chapter 7 Trustee (who has not opposed the Motion) should be able to sell the Property and generate monies for the Estate.

DISCUSSION

The court is presented with an interesting fact pattern and pleadings. While Movant pleads grounds upon which relief may be based, the only evidence, the Declaration, falls short. However, the Debtor in responding does not dispute the interests of Movant, but asserts that there is sufficient equity in the Property for the Estate and to adequately protect the interests of Movant.

While the Debtor asserts that the Chapter 7 Trustee can sell the Property and generate a significant recovery for the Estate, the Chapter 7 Trustee has communicated to the court the contrary by not filing an opposition to the motion. FN.3.
------------------------------------
FN.3. The court notes that the Chapter 7 Trustee reports that the First Meeting of Creditors was not completed because the Debtor did not appear at the scheduled meeting on January 15, 2015.
------------------------------------

Debtor further complicates the issue by advising the court that the Property, which is property of the bankruptcy estate, is generating $1,500.00 a month in rent. The Declaration does not state how long the Property has been generating such rents and that the rents have been paid to the Chapter 7 Trustee.

When the case was reconverted to one under Chapter 7 the Debtor did not file updated Schedules. Supplemental Schedule I filed on July 9, 2013, states that Chapter 13 Debtor's income included $1,500.00 in rental income. Dckt. 191. However, on Supplemental Schedule J no rental property expenses are included (such as landlord liability insurance, utilities, and other common rental expenses). Id.

The court begins with the "for cause" grounds provided in 11 U.S.C. § 362(d)(1). Movant asserts that it has not been paid, it is not being paid, and that it will not be paid, except from resorting to its collateral (or if it can modify the loan with Debtor). This Debtor has been in this bankruptcy case for more than five years. Much of that has been while performing under a confirmed Chapter 13 Plan.

Unfortunately, for what appear to be real life events (based on the court's review of the documents relating to the Chapter 13 Trustee's motion to reconvert), Debtor's restructuring of her debt was derailed with less than a year to perform under the Chapter 13 Plan. While such events are not the Debtor's "fault," she is now in this Chapter 7 liquidation case, not a reorganization.

The Chapter 7 Trustee is not proceeding with attempting a sale of the Property. Whether $123,000.00 in value or $140,000.00 as Debtor now testifies, the Trustee appears to have concluded that there is not an economically viable equity to recover for the Estate. It also appears that the Trustee has determined that the $1,500.00 a month in rents is not monies in which the Estate will act to assert its interest as property of the estate. FN.4.
------------------------------------
FN.4. Possibly, the Trustee has concluded that such rents may be cash collateral and, as such, not the subject of the Trustee's unfettered fiduciary control. 11 U.S.C. § 363(c).
------------------------------------

Assuming a value of $123,000.00 and sales costs of 8%, the net sales proceeds would be $113,160.00. Assuming further that it would take six months to market and sell the Property, there would be additional interest on the secured claim. A copy of the Note is attached to Movant's Proof of Claim (No. 7). That Note states an annual interest rate of 12.290%. Proof of Claim No. 7 lists a principal balance of $79,981.30. With an interest rate of 12.290%, monthly interest accrual on that principal balance would be $819.13. For a six

month sales period by a Chapter 7 trustee, there could be an additional $4,914.78 in accrued interest to be paid on Movant's claim.

Thus, from the $113,160.00 in net sales proceeds, after payment of secured debt of approximately $106,577.97 ($101,663.19 current payoff plus $4,914.78 additional interest), there would be projected net sales proceeds of $6,582.03 for the estate. However, this does not take into account costs of insurance and property taxes (future and past due) during the additional six months.

If the Debtor is correct and the Property value has increased to $140,000.00, then the net sales proceeds (before insurance and property taxes) would be a projected $22,222.03. Weighing against the Debtors assertion of value is the Trustee's non–opposition to the Motion. For an experienced Trustee as the one in this case, a $20,000+ recovery from the sale of property is not something that they would let go by. The court also notes that on the Original Schedule C filed in this Chapter 7 case, Debtor has claimed an exemption of $43,000 in the Property, which would exhaust such "equity" even at the value stated by Debtor. Schedule C, Dckt. 1.

The court finds that for "cause," the automatic stay should be terminated. To the extent that it is asserted by Debtor that adequate equity exists to protect Movant while the Trustee recovers such equity for the Estate, the Chapter 7 Trustee does not oppose the Motion. This demonstrates for the Court that the Trustee does not assert that such recoverable equity exists for the Estate.

As to the Debtor, this case was converted to one under Chapter 7 on December 9, 2014. However, the motion to reconvert was filed on August 20, 2014. The Debtor has been afforded five months in which to formulate either a Chapter 13 Plan or a Chapter 7 liquidation strategy to recover any equity which may exist for the Debtor (in which she could claim an exemption against the interests of the Estate). That is a significant time for Debtor to act to protect any such exempt equity (to the extent it exists).

The court shall issue an order terminating and vacating the automatic stay to allow Movant, and its agents, representatives and successors, and all other creditors having lien rights against the Property, to conduct a nonjudicial foreclosure sale pursuant to applicable nonbankruptcy law and their contractual rights, and for any purchaser, or successor to a purchaser, at the nonjudicial foreclosure sale to obtain possession of the Property.

The order granting relief from the automatic stay shall be effective February 28, 2015. This delay addresses several issues. First, if due to Debtor's failure to attend the First Meeting of Creditors the Chapter 7 Trustee has been misinformed as to the value of the Property, it affords him time to communicate with counsel for Movant or file a motion to modify or vacate the order for relief. If the Trustee reasonably concludes that the value of the property can generate a significant recovery for the Estate (the Debtor not asserting an exemption which exhausts the net sales proceeds), then it may be that between the equity and the $1,500.00 a month rents can be used to adequately protect the Movant's interests.

For Debtor, this affords her the opportunity to communicate with the Trustee and convince him (1) that significant equity exists in the property and (2) the Debtor will "share" with the Estate the equity, not taking it all through her exemptions. Alternatively, if the Debtor intends to claim all of the equity as exempt, it affords her the opportunity to engage a credible real estate broker and convince Movant that working with her to promptly sell the property is more financially advantageous than incurring the costs of foreclosure, and incurring the costs of maintaining and insuring the property, incurring the costs of marketing and selling the property.

With respect to the other grounds upon which relief is sought, including the additional "for cause" grounds and the 11 U.S.C. § 362(d)(2) grounds, the Motion is denied without prejudice. Movant has failed to provide the court with sufficient, credible evidence in support of the allegations in the Motion.

Movant further requests in the prayer that the fourteen–day stay of enforcement arising under Federal Rule of Bankruptcy Procedure 4001(a)(3) should be waived. If the court's order granting relief was not delayed until February 28, 2014, the request for this relief would be denied for several reasons. First, other than asking for it in the prayer, the grounds for such relief are not stated in the Motion. Rather, there is the general relief from stay grounds alleged. For the court to consider the prayer, the court would have to determine which grounds, if any, Movant would assert. It is not appropriate for the court to assemble grounds for one party against the other. Secondly, the court has not been presented with credible, competent testimony in support of such relief.

However, because the court is delaying the effective date of the order, the court waives the fourteen–day stay of enforcement.

No other or additional relief is granted by the court.